IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Luis Francisco Cleofas, #309938, ) | |
| ) | |
| ) | CIVIL ACTION NO. 3:08-2861-RBH-JRM |
| Petitioner,    ) | |
| ) | |
| v.                                              ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State of South Carolina; Warden of   ) | |
| Broad River Correctional Institution, ) | |
| ) | |
| ) | |
| Respondents.   ) | |
| _____) | |

Petitioner, Luis F. Cleofas ("Cleofas"), is an inmate with the South Carolina Department of Corrections serving a sentence of eighteen (18) years imprisonment (concurrent) for two (2) counts of trafficking in cocaine. Cleofas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 15, 2008. Respondents filed a return and motion for summary judgment on November 19, 2008. Because Cleofas is *pro se*, an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) was issued on November 20, 2008 explaining to him his responsibility to respond to the motion for summary judgment. Cleofas did not file a response, but instead he filed a motion for voluntary dismissal on January 5, 2009. Respondents filed an opposition memorandum on January 7, 2009.

**Procedural History**

Cleofas was charged with trafficking in cocaine in 2003. He was released on bond, re-arrested and charged with a second trafficking in cocaine offense, as well as a firearms charge in 2005. The 2005 cases were called for trial on June 27, 2005. After a jury was selected, a plea was

1

negotiated for the 2003 and 2005 cocaine trafficking charges and the firearms charge was dismissed.[1] Cleofas was represented by Clay Allen, Esquire on the 2003 charge and Holman Gossett, Esquire on the 2005 charges. No direct appeal was filed.

Cleofas filed an application for post-conviction relief ("PCR") on November 18, 2005. (App. 41).[2] An evidentiary hearing was held on June 21, 2006. (App. 85). Cleofas was represented by Shawn M. Campbell, Esquire. The PCR court entered an order of dismissal on September 19, 2006. (App. 124).

A Johnson[3] petition for writ of certiorari was filed on Cleofas' behalf by the South Carolina Commission on Indigent Defense raising the following issue:

Whether petitioner's guilty plea was voluntarily and intelligently entered into?

(Res.Mem., Ex. 3).

Cleofas filed a *pro se* brief raising the following issues:

Issue A: Did the Court accept the guilty pleas in violation of the mandates set forth in Boyken v. Alabama?

Issue B: Was the Petitioner illegally arrested in this case?

Issue C: Was the search and seizure in violation of the Fourth Amendment?

(Res.Mem., Ex. 5).

The case was transferred to the South Carolina Court of Appeals which subsequently denied

---

[1] The negotiation involved a compromise on drug weight on one of the trafficking charges allowing Cleofas to avoid a substantially greater mandatory minimum sentence.

[2] Exhibit 1 to Respondent's memorandum is the appendix prepared in connection with the appeal following denial of Cleofas' PCR. It is referred to herein as "App. ___."

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988); see also Anders v. California, 386 U.S. 738 (1967).

the petition for writ of certiorari. (Res.Mem., Ex. 8).

The record shows that Cleofas is a Mexican citizen who was not legally in the United States. Even though he had some comprehension of the English language, Mr. Gossett hired interpreters before trial to ensure that Cleofas understood the process. Further, an interpreter was employed at jury selection, guilty plea, and the PCR hearing.

### Grounds for Relief

In his present petition Bannister asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**     Ineffective assistance of counsel - not filing appeal - advising to pled guilty when defenses existed.

**Ground Two:**     Did the Court accept the guilty pleas in violation of Boykin v. Alabama?

**Ground Three:**   Was Petitioner illegally arrested?

**Ground Four:**    Was the search and seizure in violation of the 4th Amend(ment)?

### Discussion

Since Cleofas filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,

> as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

<u>Id</u>. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." <u>Id</u>. at 1521.

**1. Involuntary Guilty Plea/Ineffective Assistance of Counsel**

At the PCR hearing, Cleofas testified that his plea was involuntary because his attorney, Mr. Gossett, did not support him by providing him with a defense to the 2005 charges. Mr. Gossett testified that Cleofas was blending the facts between his 2003 case and his 2005 case. He then related a summary of the evidence against Cleofas in the 2005 case. An informant made a controlled purchase from Cleofas. Audio tapes of the conversations between the informant and Cleofas were

part of the evidence. After the controlled purchase, Cleofas was arrested and a search took place. Cleofas had additional cocaine in his pocket as well as marked currency, $3,700, given to him by the informant. (App. 104-108). The PCR court analyzed this claim and found that Cleofas had not shown that Mr. Gossett (and Mr. Allen) were ineffective resulting in an involuntary guilty plea.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court

>must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

6

have insisted on going to trial." Hill, 474 U.S. at 59.

In his PCR application (App. 41), Cleofas infers that his guilty plea was involuntary because his native language is Spanish and the plea was in English. However, as noted above, Cleofas was provided an interpreter. Cleofas points to no insufficiency in the plea colloquy. Primarily, Cleofas argues that there is a discrepancy in the sequence and timing of his arrest and the search in the 2005 case which could have been used to suppress the evidence. (Ap. 72-76). The search warrant is part of the record. (App. 58-60), and it shows that the search warrant was executed on February 17, 2005 "at 1421 o'clock P.M." (App. 60). He argues in his PCR application that the booking report and two witnesses would show that the search was somehow improper. However, the booking report was not introduced at the PCR hearing and the witnesses did not testify.

### 2. Ineffective Assistance of Counsel/Direct Appeal

Cleofas asserted in his PCR application that his attorneys were ineffective for not filing a direct appeal. (App. 52). However, Cleofas offered no proof on this claim at the PCR hearing, and it was not addressed by the PCR court. This claim is procedurally barred. *See* Marlar v. State, 375 S.C. 407, 653 S.E. 2d 266 (2007). Even if this claim were properly before the Court, Cleofas would not be entitled to relief.

The right to effective assistance of counsel extends to direct appeal. Pennsylvania v. Finley, 481 U.S. 551, 559 (1987). The Strickland standard is used to evaluate whether counsel was constitutionally deficient for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470 (2000) and Frazier v. South Carolina, 430 F.3d 696, 704-705 (4th Cir. 2005). "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [the petitioner] must prove that (1) counsel was ineffective, and (2) a reasonable probability that, but for counsel's ineffectiveness, an

appeal would have been filed." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe, 528 U.S. at 477-83).

If counsel has consulted with the defendant, the failure to file an appeal is deficient only if it contradicts the defendant's instructions to appeal. Roe, 528 U.S. at 478. In the absence of a direct instruction from a defendant to appeal, the question of whether counsel's failure to appeal is constitutionally deficient depends upon "whether counsel in fact consulted with the defendant about an appeal." Roe, 528 U.S. at 478.

> If counsel fails to consult, the defendant may demonstrate prejudice by showing that a rational defendant would want to appeal. The defendant may do this by demonstrating either that (a) there were non-frivolous issues for appeal, or (b) he had adequately indicated his interest in appealing. The mere presence of non-frivolous issues to appeal is generally sufficient to satisfy the defendant's burden to show prejudice. Attempting to demonstrate prejudice based on a reasonably obvious interest in pursuing an appeal, however, necessitates an additional showing that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed counsel to file an appeal.

Frazier v. South Carolina, 430 F.3d at 708-709 (internal citations and quotation marks omitted).

The record does not establish that Cleofas asked his attorneys to file a direct appeal. He has not shown that there were non-frivolous issues. Counsel could reasonably assume no appeal would be contemplated after a negotiated plea.

### 3. Fourth Amendment Claims

Cleofas asserts that he was illegally arrested (Ground 3), and that he was subjected to an unlawful search (Ground 4).[4] These claims were not addressed by the PCR court and are

---

[4]Although it is unclear, these claims appear to involve Cleofas' 2005 arrest.

procedurally barred. Marlar v. State, *supra*.

A valid guilty plea constitutes an admission of the material elements of the offense, McCarthy v. United States, 394 U.S. 459, 466 (1969), and a waiver of all non-jurisdictional defects that occurred prior to entry of the plea. Tollett v. Henderson, 411 U.S. 258 (1973). "(B)y entering his knowing, voluntary, and counseled guilty plea, Petitioner waived all antecedent, non-jurisdictional claims, including his current (i.e., § 2254) Fourth Amendment claims." Moore v. Hunt, 499 F.Supp.2d 679, 683 (W.D.N.C. 2007) (citing Tollett). Moreover, a state prisoner cannot collaterally attach his conviction on Fourth Amendment grounds where he has been given a full and fair opportunity to litigate those claims. In other words, a defendant is required to file and proceed on a motion to suppress based on the Fourth Amendment grounds. If he has failed to do so, he can only raise the issue as one of ineffective assistance of counsel.

Cleofas states these claims as stand alone Fourth Amendment violations, thus they are not cognizable. As discussed above, Cleofas failed to show that his attorneys were ineffective on this basis. The PCR court did not address ineffective assistance of counsel on this basis and, insofar as Cleofas attempts to raise his Fourth Amendment claims as ineffective assistance of counsel, the claims are procedurally barred.

### 4. Motion to Dismiss

On January 5, 2009, Cleofas filed a motion to dismiss his habeas petition so that he could return to state court to raise additional claims through the PCR process. He cites, *inter alia*, Rule 41, Fed.R.Civ.P. Respondent filed a response on January 7, 2009.

The Federal Rules of Civil Procedure are generally applicable to habeas proceedings. *See* Habeas Rule 11. An action can only be voluntarily dismissed by an order of the Court after the

9

opposing party has filed a motion for summary judgment. Rule 41(a)(2), Fed.R.Civ.P.

> In deciding a Rule 41(a) motion the court should consider several factors, including the opposing party's effort and expense in preparing for trial, whether there is a sufficient explanation for the need of the dismissal, and the present stage of litigation. Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996); *see* Andes v. Versant Corp., 788 F.2d 1033 (4th Cir. 1986). Furthermore, ...the Court must focus primarily on protecting the interest of the defendant when considering a motion for voluntary dismissal. Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987).

Virgil v. Montgomery, 353 F.Supp.2d 620, 623 (E.D.N.C. 2005).

Here, Respondent has filed a motion for summary judgment to which Cleofas has responded. Respondent would be prejudiced by a voluntary dismissal.[5]

### Conclusion

Based on a review of the record, it is recommended that Petitioner's motion to dismiss be **denied,** and that Respondents' motion for summary judgment be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

June 17, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

---

[5] Respondents took no position on whether Cleofas would be entitled to bring a second PCR action under state law or the effect such effort would have on the AEDPA's statute of limitations.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).